# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CARL E. KREHNOVI,

Petitioner

v.

BRIAN WILLIAMS, et al.,

Respondents

Case No.: 2:18-cv-01416-JAD-VCF

**Order Directing Service of the Petition and a Response and Denying Petitioner's Motion for Appointment of Counsel**

[ECF No. 2]

Pro se petitioner Carl E. Krehnovi brings this petition to challenge his 2013 state-court battery conviction. Krehnovi has paid the filing fee, so I conducted a preliminary review of his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I now direct service of Krehnovi's petition and a response.

Krehnovi has also filed a motion for appointment of counsel.[1] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[2] The decision to appoint counsel is generally discretionary.[3] However, counsel must be appointed if the case is so complex that denial of counsel would amount to a denial of due process, and where the petitioner's limited education leaves him incapable of fairly presenting his claims.[4]

Krehnovi argues that counsel should be appointed because (1) there are complex factual and legal issues in this case involving ineffective assistance of post-conviction counsel, ineffective assistance of trial counsel, and an improper double enhancement; and (2) discovery and an evidentiary hearing will be required and counsel is necessary to effectuate both. I am not

---

[1] ECF No. 2.

[2] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[3] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

[4] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

persuaded that any of the issues Krehnovi identifies are so complex that they require the assistance of counsel, and he appears able to raise them adequately on his own. Plus, review of a petition under 28 U.S.C. § 2254(d) is generally limited to the record that was before the state courts.[5] At this juncture, I cannot determine whether circumstances exist in this case that would justify a grant of discovery, and I will not appoint counsel based on a speculative possibility of discovery. So I deny Krehnovi's motion for appointment of counsel.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk shall **FILE the petition (ECF No. 1-1)**, **ADD** Nevada Attorney General Adam P. Laxalt as attorney for respondents, and informally electronically **SERVE** the Nevada Attorney General with a copy of the petition and this order.

IT IS FURTHER ORDERED that **Krehnovi's motion to appoint counsel [ECF No. 2] is DENIED**.

IT IS FURTHER ORDERED that **respondents must file a response to the petition, including potentially by motion to dismiss, by November 26, 2018**. Respondents must raise any procedural defenses together in a single consolidated motion to dismiss. They may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents seek dismissal of unexhausted claims under § 2254(b)(2), then (a) they must do so within the single motion to dismiss and not in the answer, and (b) they must direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and record materials, if any, for each claim. Respondents must also file a set of state-court exhibits relevant to the response filed to the petition, in chronological order. All state-court record exhibits must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed

---

[5] *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

further must be identified by the number or numbers of the exhibits in the attachment so that the court and any reviewing court can quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that **Krehnovi will have 30 days from service of the answer to file his reply.** The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, is governed instead by Local Rule LR 7-2(b).

Dated: September 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey